**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

TIFFANI ROBINSON                                                                                             PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:18-cv-168-CWR-LRA

KELLY SERVICES, INC.; and
NISSAN NORTH AMERICA, INC.                                        DEFENDANTS

**ANSWER AND DEFENSES OF**
**NISSAN NORTH AMERICA, INC.**

Nissan North America, Inc. ("Nissan") hereby files and serves its Answer and Defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, and should be dismissed with prejudice.

**SECOND DEFENSE: ANSWER**

In responding to the numbered allegations of the Complaint, paragraph by paragraph, Nissan states:

The allegations of the initial, unnumbered paragraph (following "COMES NOW . . .") of the Complaint are denied.

1. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies the same.

2. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies the same.

3. Nissan admits that it is a California corporation and may be served with process by service upon CSC of Rankin County, Inc. All remaining allegations of paragraph 3 are denied.

1

4. Nissan admits that the Court has subject matter jurisdiction over this action, but denies all remaining allegations of paragraph 4.

5. Nissan admits that the Court has personal jurisdiction over Nissan and subject matter jurisdiction over this case, and that venue is proper in this Court. All remaining allegations of paragraph 5 are denied.

6. Nissan admits that Plaintiff was assigned as a Technician in 2014 by Kelly Services, Inc. at Nissan's Canton, Mississippi plant, but denies all remaining allegations of paragraph 6.

7. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies the same.

8. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies the same.

9. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

10. Nissan denies the allegations of paragraph 10.

11. Nissan admits that Plaintiff's Kelly assignment was terminated, but denies all remaining allegations of paragraph 11.

12. Nissan states that the applicable attendance policy speaks for itself. Nissan denies all remaining allegations of paragraph 12.

13. Nissan states that the applicable attendance policy speaks for itself. Nissan denies all remaining allegations of paragraph 13.

14. Nissan states that the applicable attendance policy speaks for itself. Nissan denies all remaining allegations of paragraph 14.

15. Nissan admits that Plaintiff's Kelly assignment was terminated, but denies all remaining allegations of paragraph 15.

16. Nissan is without knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 16, and therefore denies the same. Nissan denies the allegations of the second sentence of paragraph 16.

17. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies the same.

18. Nissan denies the allegations of paragraph 18.

19. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies the same.

20. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies the same.

21. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies the same.

22. Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies the same.

23. In response to the allegations of paragraph 23, Nissan incorporates its answers to paragraphs 1 through 22 of the Complaint, as if fully stated herein.

24. Nissan denies the allegations of paragraph 24.

25. Nissan denies the allegations of paragraph 25.

26. In response to the allegations of paragraph 26, Nissan incorporates its answers to paragraphs 1 through 25 of the Complaint, as if fully stated herein.

27. Nissan denies the allegations of paragraph 27.

28. Nissan denies the allegations of paragraph 28.

Nissan denies the allegations of the unnumbered paragraph beginning with "WHEREFORE PREMISES CONSIDERED" under the "PRAYER FOR RELIEF" section of the Complaint, including without limitation sub-paragraphs 1 through 7 thereof. Nissan further denies that Plaintiff is entitled to the damages or relief requested therein, or to any damages or relief whatsoever, of and from Nissan.

All allegations of the Complaint which are not herein specifically admitted are hereby denied.

### THIRD DEFENSE

Nissan was not Plaintiff's employer.

### FOURTH DEFENSE

Additionally, or in the alternative, all actions undertaken with respect to Plaintiff's employment were undertaken in good faith, and were based upon legitimate, non-discriminatory and non-retaliatory reasons. Additionally, or in the alternative, such actions would have been undertaken in any event, and regardless of any alleged impermissible motive.

### FIFTH DEFENSE

Additionally, or in the alternative, Nissan has at all times complied with the Family Medical Leave Act of 1993, as amended ("FMLA"). Additionally, or in the alternative, Nissan has at all times acted in good faith and with reasonable grounds for concluding its actions were in compliance with the FMLA, and at no time acted in disregard or reckless disregard of any right of Plaintiff.

**SIXTH DEFENSE**

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by Plaintiff's failure to mitigate her alleged damages, if any.

**SEVENTH DEFENSE**

Additionally, or in the alternative, Nissan is not bound by any alleged determination of the Mississippi Department of Employment Security. No such determination has any preclusive effect with regard to Nissan.

**EIGHTH DEFENSE**

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the applicable statute of limitations, 29 U.S.C. § 2617(c).

**NINTH DEFENSE**

Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the doctrines of set-off, waiver, laches, estoppel, and unclean hands. While denying that Plaintiff is entitled to any damages and/or relief against it, Nissan states that it is entitled to an offset for all interim earnings and remuneration received by Plaintiff or which could have been received by Plaintiff with appropriate diligence.

**TENTH DEFENSE**

Additionally, or in the alternative, some or all of Plaintiff's alleged damages were caused by Plaintiff's own conduct, acts or omissions and/or by the acts or omissions of persons or entities other than Nissan for whom Nissan has no responsibility or liability.

**ELEVENTH DEFENSE**

Additionally, or in the alternative, some or all of Plaintiff's claims are barred or limited by the after-acquired evidence doctrine.

## TWELFTH DEFENSE

Additionally, or in the alternative, punitive damages are not available under the FMLA. Subject to and without waiving the foregoing defenses, and while denying that Plaintiff is entitled to any damages and/or relief against him, Nissan states additionally or in the alternative that Plaintiff's claim for punitive damages, any award of punitive damages, and/or the applicable procedures and standards for punitive damages claims under the applicable law violate Nissan's rights under the United States Constitution and the Mississippi Constitution of 1890, including but not limited to, the substantive and procedural due process, equal protection, cruel and unusual punishment, excessive fines, double jeopardy, and/or other applicable provisions thereof. Without limiting the foregoing, Nissan states that the absence of clearly defined, objective criteria addressing the availability and amount of punitive damages which are capable of reasonable application precludes consideration of the issue of punitive damages by the trier of fact. Additionally, without limiting the foregoing, Nissan invokes all safeguards and protections addressed by the United States Supreme Court in *BMW v. Gore,* 517 U. S. 599 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U. S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell,* 123 S. Ct. 1513 (2003), and progeny; and *MIC Life Ins. Co., et al v. Hicks,* 826 So. 2d 616 (Miss. 2002).

Additionally, and without limiting the foregoing, Nissan states:

(a) Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages subject to no predetermined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate Nissan's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by the due process provisions of the Mississippi Constitution.

(b) Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the approximate size, of a punitive damages award; (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status of Nissan, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to judicial review on the basis of objective standards, would violate Nissan's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated in the Fourteenth Amendment and by the Mississippi Constitutional provisions providing for due process and guaranty against double jeopardy.

(c) Plaintiff's claim for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to alleged employment-based relief.

### THIRTEENTH DEFENSE

Plaintiff has no entitlement to compensatory damages, "pecuniary losses," or emotional distress damages under the FMLA.

**AND NOW**, having fully answered, Nissan further denies that Plaintiff is entitled to judgment against it in any amount and respectfully requests that this action be dismissed with prejudice as to Nissan with costs charged to Plaintiff.

**RESPECTFULLY SUBMITTED**, this the 25th day of May, 2018.

**NISSAN NORTH AMERICA, INC.**

By: /s/ Walter J. Brand
Walter J. Brand (MSB #4313)
Emily G. Barr (MSB #105286)
Watkins & Eager PLLC
400 E Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi 39205-0650
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
E-Mail: wbrand@watkinseager.com
ebarr@watkinseager.com

*Attorneys for Nissan North America, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Louis H. Watson, Jr.
Nick Norris
Watson & Norris, PLLC
1880 Lakeland Dr., Suite G
Jackson, Mississippi 39216
louis@watsonnorris.com
nick@watsonnorris.com

*Attorneys for Plaintiff*

This the 25th day of May, 2018.

/s/__Walter J. Brand___
Walter J. Brand