**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TIFFANI ROBINSON**                                                            **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO.: 3:18-cv-168-CWR-LRA**

**KELLY SERVICES, INC.; and**
**NISSAN NORTH AMERICA, INC.**                                 **DEFENDANTS**

_____

**DEFENDANT, KELLY SERVICES, INC.'S, ANSWER TO COMPLAINT,
RELIANCE UPON JURY DEMAND AND AFFIRMATIVE DEFENSES**

**(DEFENDANT, KELLY SERVICES, INC., RELIES UPON
PLAINTIFF'S DEMAND FOR TRIAL BY JURY)**

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, WILKINS PATTERSON, P.A., and for its Answer to Complaint and Affirmative Defenses, hereby states as follows:

**THE PARTIES**

1. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

2. Defendant admits the allegations contained therein.

3. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

**JURISDICTION**

4. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

5. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

## STATEMENT OF FACTS

6. Defendant admits the allegations contained therein.

7. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

8. Defendant admits the allegations contained therein.

9. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

10. Defendant denies the allegations contained therein for the reason they are untrue.

11. In answer to paragraph 11, Defendant admits that Plaintiff was terminated on March 21, 2016, for absenteeism.

12. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

13. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

14. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

15. Defendant denies the allegations contained therein for the reason they are untrue.

16. Defendant denies the allegations contained therein for the reason they are untrue.

17. Defendant denies the allegations contained therein for the reason they are untrue.

18. In answer to paragraph 18, denied as untrue that Defendants did not correctly apply leave to eligible absences.

19. Defendant denies the allegations contained therein for the reason they are untrue.

20. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

21. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

22. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF THE FMLA

23. Defendant repeats and realleges Paragraphs 1 through 22 of its Answer as though more fully set forth herein.

24. Defendant denies the allegations contained therein for the reason they are untrue.

25. Defendant denies the allegations contained therein for the reason they are untrue.

## COUNT II - VIOLATION OF THE FMLA-RETALIATION

26. Defendant repeats and realleges Paragraphs 1 through 25 of its Answer as though more fully set forth herein.

27. Defendant denies the allegations contained therein for the reason they are untrue.

28. Defendant denies the allegations contained therein for the reason they are untrue.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, KELLY SERVICES, INC., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and award Defendant costs, interest and attorneys' fees so wrongfully incurred.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

2. Additionally, or in the alternative, all actions undertaken with respect to Plaintiff's employment were undertaken in good faith, and were based upon legitimate, non-discriminatory and non-retaliatory reasons. Additionally, or in the alternative, such actions would have been undertaken in any event, and regardless of any alleged impermissible motive.

3. Additionally, or in the alternative, Kelly Services has at all times complied with the Family Medical Leave Act of 1993, as amended ("FMLA"). Additionally, or in the alternative, Kelly Services has at all times acted in good faith and with reasonable grounds for concluding its actions were in compliance with the FMLA, and at no time acted in disregard or reckless disregard of any right of Plaintiff.

4. Additionally, or in the alternative, some or all of Plaintiff's claims are barred by Plaintiff's failure to mitigate her alleged damages, if any.

5. Additionally, or in the alternative, Kelly Services is not bound by any alleged determination of the Mississippi Department of Employment Security. No such determination has any preclusive effect with regard to Kelly Services.

6. Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the applicable statute of limitations, 29 U.S.C. § 2617(c).

7. Additionally, or in the alternative, some or all of Plaintiff's claims are barred by the doctrines of set-off, waiver, laches, estoppel, and unclean hands. While denying that Plaintiff is entitled to any damages and/or relief against it, Kelly Services states that it is entitled to an offset for all interim earnings and remuneration received by Plaintiff or which could have been received by Plaintiff with appropriate diligence.

8. Additionally, or in the alternative, some or all of Plaintiff's alleged damages were caused by Plaintiff's own conduct, acts or omissions and/or by the acts or omissions of persons or entities other than Kelly Services for whom Kelly Services has no responsibility or liability.

9. Additionally, or in the alternative, some or all of Plaintiff's claims are barred or limited by the after-acquired evidence doctrine.

10. Additionally, or in the alternative, punitive damages are not available under the FMLA. Subject to and without waiving the foregoing defenses, and while denying that Plaintiff is entitled to any damages and/or relief against it, Kelly Services states additionally or in the alternative that Plaintiff's claim for punitive damages, any award of punitive damages, and/or the applicable procedures and standards for punitive damages claims under the applicable law violate Kelly Services' rights under the United States Constitution and the Mississippi Constitution of 1890, including but not limited to, the substantive and procedural due process, equal protection, cruel and unusual punishment, excessive fines, double jeopardy, and/or other applicable provisions thereof. Without limiting the foregoing, Kelly Services states that the absence of clearly defined, objective criteria addressing the availability and amount of punitive damages which are capable of reasonable application precludes consideration of the issue of

punitive damages by the trier of fact. Additionally, without limiting the foregoing, Kelly Services invokes all safeguards and protections addressed by the United States Supreme Court in *BMW v. Gore*, 517 U.S. 599 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), and progeny; and *MIC Life Ins. Co., et al v. Hicks*, 826 So. 2d 616 (Miss. 2002).

Additionally, and without limiting the foregoing, Kelly Services states:

(a) Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages subject to no predetermined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate Kelly Services' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Mississippi Constitution.

(b) Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the approximate size, of a punitive damages award; (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status of Kelly Services, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to judicial review on the basis of objective standards, would violate Kelly Services' due process and equal protection rights guaranteed by

the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated in the Fourteenth Amendment and by the Mississippi Constitutional provisions providing for due process and guaranty against double jeopardy.

(c) Plaintiff's claim for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to alleged employment-based relief.

11. Plaintiff has no entitlement to compensatory damages, "pecuniary losses," or emotional distress damages under the FMLA.

12. Plaintiff has executed an arbitration agreement waiving the jurisdiction of this court.

13. Defendant reserves the right to amend these affirmative defenses in accordance with federal procedural law.

**RESPECTFULLY SUBMITTED,**

By: */s/Amy C. Felder*
AMY C. FELDER (MSB No. 10667)

**OF COUNSEL:**

**Amy C. Felder, MSB No. 10667**
**Wilkins Patterson, P.A.**
**4735 Old Canton Road (39211)**
**Post Office Box 13429**
**Jackson, MS 39236-3429**
**(601)366-4343 Telephone**
**(601)981-7608 Facsimile**
**afelder@wilkinspatterson.com**
*Attorney for Defendant Kelly Services, Inc.*

**CERTIFICATE OF SERVICE**

I, AMY C. FELDER, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

THIS the 6th day of June, 2018.

>*/s/Amy C. Felder*
>AMY C. FELDER